NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## CARL W. HOWARD, SR.,
*Petitioner,*

v.

## MERIT SYSTEMS PROTECTION BOARD,
*Respondent.*

---

2010-3130

---

Petition for review of the Merit Systems Protection Board in case no. CH0752090771-I-1.

---

Before RADER, *Chief Judge*, BRYSON and MOORE, *Circuit Judges.*

PER CURIAM.

## ORDER

The court treats Carl W. Howard, Sr.'s correspondence concerning the timeliness of his petition for review as a motion for reconsideration of the court's previous rejection of his petition for review as untimely. Separately, Howard moves for leave to proceed in forma pauperis.

On March 19, 2010, the Merit Systems Protection Board issued a final decision in *Howard v. Dep't of Veter-*

*ans Affairs*, No. CH-0752090771-I-1, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. The court received Howard's petition for review on May 21, 2010.

The Board's records reflect that Howard was registered as an e-filer. Pursuant to the Board's regulations, an e-filer is deemed to receive a decision on the date it is served via electronic mail. *See* 5 CFR § 1201.14(m)(2) ("MSPB documents served electronically on registered e-filers are deemed received on the date of electronic submission"). Thus, Howard is deemed to have received the Board's decision on March 19, 2010. Howards petition for review seeking review of the Board's decision was received by the court 63 days later, on May 21, 2010.

A petition for review of a Board decision must be filed within 60 days of receipt of the decision. *See* 5 U.S.C. § 7703(b)(1). The 60-day filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dep't of Transp.* , 735 F.2d 1335, 1336 (Fed. Cir. 1984); *see also Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("[c]ompliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction").

Howard states that his petition "was sent in a timely manner." However, in order to be timely, a petition for review must be received by the court, not simply placed in the mail system, within the filing deadline. *See* Fed. R. App. P. 25(a)(2)(A) ("filing is not timely unless the clerk receives the papers within the time fixed for filing.") Because Howard's petition for review was received on May 21, three days late, this court must dismiss Howard's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for reconsideration is denied. The petition for review is dismissed as untimely.

(2) The motion for leave to proceed in forma pauperis is granted.

(3)        Each side shall bear its own costs.

FOR THE COURT

AUG   2 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Carl W. Howard, Sr.
     Sara B. Rearden, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 02 2010

JAN HORBALY
CLERK