NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATHANIEL J. WILLINGHAM,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2012-3152

---

Petition for review of the Merit Systems Protection Board in No. DC3330100370-I-1.

---

Decided: May 9, 2013

---

NATHANIEL J. WILLINGHAM, of Jacksonville, North Carolina, pro se.

AMANDA L. TANTUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before O'MALLEY, SCHALL, and WALLACH, *Circuit Judges.*

PER CURIAM.

### DECISION

Nathanial Willingham petitions for review of the final decision of the Merit Systems Protection Board ("Board") that found jurisdiction under the Veterans Employment Opportunities Act ("VEOA") but sustained the initial determination that Mr. Willingham was not entitled to relief. *Willingham v. Dep't of the Navy*, No. DC-3330-10-0370-I-1, 118 M.S.P.R. 21 (M.S.P.B. Apr. 13, 2012) ("*Final Decision*"). Because Mr. Willingham did not file a timely appeal to this court, we must *dismiss* for lack of jurisdiction.

### DISCUSSION

### I.

Mr. Willingham is a former marine who, in response to a vacancy announcement, applied for a position as an Equal Employment Specialist at the Marine Corps Community Services ("MCCS") facility at Camp LeJeune, North Carolina. After Mr. Willingham had interviewed, MCCS cancelled the vacancy announcement and reassigned a current employee to the position sought by Mr. Willingham.

Before the Board, Mr. Willingham alleged that, by cancelling the announcement and reassigning a current employee to the position he sought and for which he alleges he was the most qualified, MCCS violated his rights under VEOA. The administrative judge determined that the Board did not have jurisdiction to hear Mr. Willingham's claim because the MCCS is a non-appropriated fund instrumentality ("NAFI"). In addition, the administrative judge determined that, in the event

the Board found that it had jurisdiction, MCCS had not violated VEOA.

On review, the Board modified the initial decision, finding that it did, in fact, have jurisdiction over Mr. Willingham's claim. *See Final Decision*, 118 M.S.P.R. at 25–30. After finding jurisdiction, the Board affirmed the initial determination that MCCS had not violated VEOA. *See id.* at 30–31. This appeal followed.

## II.

Before addressing the merits, an appeals court must determine whether it has jurisdiction over the matters appealed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it.") (internal quotation marks and citations omitted). Congress has limited this court's review of final decisions of the Board to those petitions "filed within 60 days after the Board issues notice of the final order or decision of the Board." *See* 5 U.S.C. § 7703(b)(1)(A). Failure to comply with that statutory deadline prevents jurisdiction in this court. *See Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("Compliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our jurisdiction over this case."); *see also Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984) (stating that the filing deadline under 5 U.S.C. § 7703(b)(1) is "statutory, mandatory [and] jurisdictional").

The Board issued the *Final Decision* on April 13, 2012. *See Final Decision*, 118 M.S.P.R. at 21. In that decision, the Board provided a notice to Mr. Willingham that this court "must receive [any] request for review no later than 60 calendar days after your receipt of this order" and that "[i]f you choose to file [an appeal], be very

careful to file on time" because "[t]he court has held that normally it does not have the authority to waive th[e] statutory deadline and that filings that do not comply with the deadline must be dismissed." *See Final Decision*, 118 M.S.P.R. at 32. The notice further provided a citation to 5 U.S.C. § 7703, as well as this court's website and "Guide for Pro Se Petitioners and Appellants." *See id.*

The record shows that Mr. Willingham's petition for review to this court was dated June 12, 2012, but stamped as received at the night box on June 18, 2012. In his petition, Mr. Willingham states that he "received" the *Final Decision* on April 18, 2012. The record also shows that Mr. Willingham elected to be an e-filer, meaning that he could file and receive case pleadings and other documents electronically.

The government asserts that because Mr. Willingham electronically received the *Final Decision* on April 13, 2012, it was due 60 days later, on June 12, 2012. According to the government, receipt by this court on June 18, 2012, means that the petition was untimely, and should be dismissed. Mr. Willingham responds that Federal Circuit Rule 26(c) extends the deadline for his petition from June 12 to June 15, 2012, the date he alleges he actually placed his petition in the court's night box.

We agree with the government. Under the Board's regulations, an e-filer is deemed to have received case documents when served electronically—i.e., received via e-mail. *See* 5 C.F.R. § 1201.14(m)(2) ("MSPB documents served electronically on registered e-filers are deemed received on the date of electronic submission."). Thus, Mr. Willingham's electronic receipt of the *Final Decision* on April 13, 2012, started the 60-day period under 5 U.S.C. § 7703(b)(1)(A)—a period that ended on June 12, 2012.

Even assuming that the clerk's office received Mr. Willingham's petition on June 15, 2012, as he asserts, it would still be untimely. Facing similar facts, this court

has previously rejected the argument that Rule 26(c) extends the date to file a petition for review. *See Partridge v. Dep't of Defense*, No. 99-3422, 1999 WL 1206981 (Fed. Cir. Nov. 24, 1999) (dismissing a petition for review as untimely because Rule 26(c) does not provide a three-day extension to the filing deadline set forth in § 7703(b)(1)). Further, the Federal Rules explicitly prohibit this court from extending a deadline to file a petition for review from an administrative agency, unless authorized by law. *See* Fed. R. App. P. 26(b)(2).

Because Mr. Willingham's petition was filed after the 60-day period provided by statute, this court does not possess jurisdiction to address the merits of his case. *See Howard v. Merit Sys. Prot. Bd.*, 392 F. App'x 857 (Fed. Cir. 2010) (dismissing for lack of jurisdiction a petition filed three days late by an e-filer); *Oja*, 405 F.3d at 1360; *see also* Fed. R. App. P. 25(a)(2)(A) (noting that "filing is not timely unless the clerk receives the papers within the time fixed for filing"). We therefore must dismiss.

## DISMISSED

### COSTS

Each party shall bear its own costs.