NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAULA JO HEARN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

**MERIT SYSTEMS PROTECTION BOARD,**
*Intervenor*

---

2013-3137

---

Petition for review of the Merit Systems Protection Board in No. NY-0731-12-0120-I-1.

---

Decided: October 4, 2016

---

ANDREW P. FLEMING, Chiacchia & Fleming, LLP, Hamburg, NY, for petitioner. Also represented by CHRISTEN ARCHER PIERROT, East Aurora, NY.

ALLISON KIDD-MILLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by

BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.; BRYAN E.
MILLER, U.S. Army Corps of Engineers, Buffalo, NY.

JEFFREY GAUGER, Office of the General Counsel, Merit
Systems Protection Board, Washington, DC, for interve-
nor. Also represented by BRYAN G. POLISUK.

_____

Before O'MALLEY, BRYSON, and STOLL, *Circuit Judges.*

PER CURIAM.

Paula Jo Hearn petitions for review of the Merit Sys-
tems Protection Board's ("Board") decision affirming the
Department of the Army's ("Army") removal of Ms. Hearn
from her position as a program analyst based on a suita-
bility determination. *Hearn v. Dep't of the Army*, 119
M.S.P.R. 412 (M.S.P.B. 2013). Because Ms. Hearn failed
to file a timely petition for review to this court, we must
*dismiss* for lack of jurisdiction.

DISCUSSION

I

In the summer of 2011, the Army Corps of Engineers
hired Ms. Hearn, subject to a background investigation,
as a program analyst. After her interview for this posi-
tion, Ms. Hearn submitted background paperwork noting
that she had pled guilty to a misdemeanor of "exceed[ing]
authorized access of computer," but she did not describe
the circumstances of this guilty plea. During the back-
ground investigation, OPM discovered that, during Ms.
Hearn's prior employment at a Department of Homeland
Security ("DHS") detention center, Ms. Hearn had covert-
ly monitored the telephone calls of her superiors and
therein improperly learned sensitive information related
to law enforcement and other private information about
fellow employees. Ms. Hearn was arrested for these

actions, and pled guilty to the misdemeanor of "Fraud and Related Activity in Connection with Computers."

Based on the information uncovered in the background investigation, the Army removed Ms. Hearn from her position for suitability reasons. On April 26, 2013, the Board sustained Ms. Hearn's removal. *Hearn*, 119 M.S.P.R. at 412. Ms. Hearn seeks review of the Board's decision. She filed her petition for review at this court on June 26, 2013.

## II

Before addressing the merits, an appeals court must ensure that it has jurisdiction over the matters appealed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it.") (internal quotation marks and citations omitted).

On December 27, 2012, Congress limited this court's review of final decisions of the Board to those petitions "filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). Failure to comply with that statutory deadline prevents jurisdiction in this court. *See Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("Compliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction over this case."); *see also Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984) (stating that the filing deadline under 5 U.S.C. § 7703(b)(1) is "statutory, mandatory [and] jurisdictional"). Prior to the 2012 amendment, a petition for review must have been "filed within 60 days after the date the petitioner received notice" of the Board's decision. 5 U.S.C. § 7703(b)(1) (2011). With its April 26, 2013 decision pertaining to Ms. Hearn, the Board included a "Notice to the Appellant Regarding Your

Further Review Rights," stating specifically that the Federal Circuit "must receive your request for review no later than 60 calendar days after the date of this order." J.A. 1199.

The Army and the Board, as intervenor, contend that Ms. Hearn failed to comply with the 60-day statutory time limit for filing her petition for review, given that her petition was filed with this court 61 days after the Board issued its opinion.[1]   To be timely filed, a petition for review must be received by the Clerk of the Court on or before the date the petition is due.   Fed. R. App. P. 25(a)(2)(A).   Under § 7703(b)(1), Ms. Hearn's petition was due on June 25, 2013.  We therefore agree that Ms. Hearn failed to timely file her petition.

Ms. Hearn argues that her petition was timely because, under Federal Rule of Appellate Procedure 26(c), we must extend her time to file her petition for review by three days.  We disagree; this court has previously rejected the argument that Rule 26(c) extends the date to file a petition for review.  *See, e.g.*, *Willingham v. Dep't of the Navy*, 526 F. App'x 975, 977 (Fed. Cir. 2013).  The Federal Rules of Appellate Procedure also prohibit this court from extending the deadline for filing a petition for review from an administrative agency, except where authorized by law.  Fed. R. App. P. 26(b)(2).  Ms. Hearn has offered no citation to any authority that contradicts this interpretation.

In the alternative, Ms. Hearn contends that she and her counsel did not, in fact, receive the Board's decision on

---

[1]   Before the parties briefed the merits of this petition, the Army filed a motion to dismiss based on lack of jurisdiction.   We denied the motion and ordered the parties to address jurisdictional arguments in the merits briefing.

April 26, 2013. Ms. Hearn asserts that we should therefore calculate the permissible time for the filing of her petition for review based on when she actually received the Board's decision. This argument also fails. Under the Board's regulations, an e-filer is deemed to have received case documents on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2). The Board's filing of its decision on April 26, 2013 started the 60-day period under § 7703(b)(1)(A); this period ended on June 25, 2013. Ms. Hearn's request that we consider the date on which she claims actual receipt of the Board's decision in our analysis amounts to a request for equitable tolling. Our precedent is clear that the deadline to petition for review of a board decision is not subject to equitable tolling. *See, e.g.*, *Oja*, 405 F.3d at 1358–60. The time limit is statutory and jurisdictional; it cannot be waived. *See id.*

We find Ms. Hearn's remaining arguments to be without merit. Based on the record before us, it is clear that Ms. Hearn had notice of the new requirements for filing a petition for review under § 7703(b)(1) at the time the Board's decision was issued. Because Ms. Hearn's petition was filed after the 60–day period provided by statute, this court cannot exercise jurisdiction to address the merits of her case. *See, e.g.*, *Willingham*, 526 F. App'x. at 977–78; *Howard v. MSPB*, 392 F. App'x 857 (Fed. Cir. 2010) (dismissing for lack of jurisdiction a petition filed three days late by an e-filer); *see also* Fed. R. App. P. 25(a)(2)(A) (noting that "filing is not timely unless the clerk receives the papers within the time fixed for filing").

#### DISMISSED

#### COSTS

Each party shall bear its own costs.