NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT D. VOCKE, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2390

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-13-1266-W-1.

---

Decided: February 17, 2017

---

ROBERT D. VOCKE, JR., Germantown, MD, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Robert Vocke seeks review of the May 2, 2016 decision of the Merit Systems Protection Board ("the Board") dismissing his whistleblower appeal for lack of jurisdiction. *Vocke v. Dep't of Commerce*, No. 13-1266, 2016 WL 1742994 (M.S.P.B. May 2, 2016). For the foregoing reasons, we *dismiss* for lack of jurisdiction.

BACKGROUND

Vocke is employed as a Physical Scientist with the National Institute of Standards and Technology ("NIST"), part of the Department of Commerce ("the Agency"). In July and August 2012, Vocke sent emails to his supervisors and up his chain of command regarding alleged improprieties in the Agency's performance pay and bonus compensation. Specifically, Vocke believed that certain managers were receiving significantly higher compensation than performance ratings warranted. Vocke received no response until August 15, 2012, when his second-level supervisor, Gregory Turk, sent him a Letter of Counseling. That letter stated, in relevant part:

> You are receiving this counseling memorandum to address your demonstrated failure to communicate with your supervisors appropriately and to clarify my expectations for your conduct in the future.
>
> . . .
>
> In each of the above-described emails, I find your tone to be disrespectful, derisive, and unprofessional. . . .
>
> . . .
>
> I expect that you will communicate appropriately with your supervisors in the future and be more cognizant of your tone in those communications. I expect that, going forward, you will be professional and courteous at all times. It is your responsi-

> bility to conduct yourself in a professional manner.
>
> This memorandum is only a counseling and will not be included in your Official Personnel Folder. I must remind you that any future misconduct may result in disciplinary action up to and including removal from the Federal Service.

On February 18, 2013, Vocke filed a complaint with the Office of Special Counsel ("OSC"), alleging that the Agency was acting in retaliation against lawful whistleblowing disclosures. Specifically, Vocke alleged that he had received "a corrective action counseling letter on the threat of removal from Federal Service" in response to his disclosure of information evidencing a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, and an abuse of authority. *Vocke*, 2016 WL 1742994, at ¶ 3; *see generally* 5 U.S.C. § 2302(b)(8). On May 30, 2013, OSC informed Vocke that it had terminated its inquiry into his allegations, and Vocke appealed to the Board.

Finding no factual dispute bearing on the issue of jurisdiction, the Administrative Judge ("AJ") dismissed the appeal for lack of jurisdiction without a hearing, on two grounds. *Vocke*, 2016 WL 1742994, at ¶ 1. First, the AJ determined that the Letter of Counseling did not rise to the level of "personnel action" within the meaning of § 2302(b)(8). Second, the AJ determined that the contents of Vocke's disclosures concerned, at best, debatable expenditures rather than illegal or grossly wasteful spending, making his disclosures not protected under § 2303(b)(8). Vocke filed a petition for review to the Board.

On May 2, 2016, the Board denied Vocke's petition for review, affirming the AJ's finding that the Letter of Counseling did not constitute personnel action, and vacating the AJ's alternative finding as to the protectabil-

ity of the contents of Vocke's disclosures. *Id.* That decision stated that "[y]ou have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit," and "[t]he court must receive your request for review no later than 60 days after the date of this order." *Id.* at ¶¶ 12–13 (citing 5 C.F.R. § 1201.113).

Vocke filed a petition for review before this court, which we received on July 7, 2016. The Agency, previously the respondent in this case, moved to dismiss Vocke's appeal as untimely. We denied that motion without prejudice, and instructed the parties to address the issue in their briefs.

## DISCUSSION

Congress has limited this court's review of final decisions of the Board to those petitions "filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). Failure to comply with that statutory deadline prevents jurisdiction in this court. *See Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("Compliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction over this case."); *see also Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984) (stating that the filing deadline under 5 U.S.C. § 7703(b)(1) is "statutory, mandatory [and] jurisdictional").

"The Board's filing of its decision . . . start[s] the 60-day period under § 7703(b)(1)(A)." *Hearn v. Dep't of Army*, No. 2013-3137, 2016 WL 5746341, at \*2 (Fed. Cir. Oct. 4, 2016). The Board filed its final decision on May 2, 2016, resulting in a deadline to petition for review of July 1, 2016. We received Vocke's petition on July 7, 2016.

Vocke appears to contend that his petition was timely because it was filed only "57 days after [he] *received* the final order." Pet. Reply Br. at 4 (emphasis added). To the extent Vocke believes that the 60-day period under

§ 7703(b)(1)(A) runs from date of receipt, he is incorrect. Vocke appears to be relying on now-amended statutory language. Prior to 2012, § 7703(b)(1)(A) stated that petitions "must be filed within 60 days after the date the petitioner *received notice* of the final order or decision." 5 U.S.C. § 7703(b)(1)(A) (2011) (emphasis added). The current language of the statute, which indisputably applies here, states that petitions "shall be filed within 60 days after the Board *issues notice* of the final order or decision." 5 U.S.C. § 7703(b)(1)(A) (2016) (emphasis added). Vocke has not persuaded us that the new statutory language should, counterintuitively, be interpreted identically to the old.

To the extent Vocke is requesting equitable tolling due to his misunderstanding of the 60-day period, that argument is rejected as well. Vocke raises compelling factual arguments on this front—including, for example, that our own "Guide for Pro Se Petitioners and Appellants" may have had out-of-date language. There are also legal arguments which can be made to support application of equitable tolling to this particular filing deadline. *See Fedora v. Merit Sys. Prot. Bd.*, No. 2015-3039 (Fed. Cir. Feb. 16, 2017) (Plager, J., dissenting). This panel is bound, however, by our prior precedent which unequivocally states that "the time period of section 7703(b)(1) is not subject to equitable tolling." *Oja*, 405 F.3d at 1357. To the extent Vocke wishes to urge equitable tolling, he must therefore do so to the en banc court.

CONCLUSION

Because Vocke's petition for review is untimely, we do not have jurisdiction to address its merits. Accordingly, we dismiss.

**DISMISSED**

Costs

No costs.